[Cite as *State v. Wallington*, 2018-Ohio-4566.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-246 |
| | | (C.P.C. No. 13CR-6048) |
| Martin L. Wallington, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

## D E C I S I O N

### Rendered on November 13, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Kura, Wilford & Schregardus Co., L.P.A.,* and *Sarah M. Schregardus*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Martin L. Wallington is appealing from his convictions for murder and aggravated robbery. He assigns three errors for our consideration:

> [I.] The trial court violated Mr. Wallington's Due Process rights when it convicted him in the absence of sufficient evidence.
>
> [II.] The trial court violated Martin Wallington's rights to due process and a fair trial when it entered a judgment of conviction for Murder and Aggravated Robbery, when that judgment was against the manifest weight of the evidence.
>
> [III.] The trial court violated Martin Wallington's rights to a fair trial when it allowed both cases be joined for trial.

{¶ 2}    Wallington was indicted in two separate aggravated murder cases.  The State of Ohio sought to have the cases joined for trial.  The trial court put on an order allowing the cases to be tried together, but kept the guilt or innocence determination as to co-defendants charged in the indictments for separate trials.  At the end of the joint trial of the aggravated murder charges against Wallington, the jury rendered not guilty verdicts as to the whole set of charges in the one case but found Wallington guilty of the lesser included charge of murder in the second case and of the associated aggravated robbery charge.

{¶ 3}    Separate counsel represented Wallington on each of the aggravated murder charges despite the charges being tried in one trial.

{¶ 4}    The jury was not convinced beyond a reasonable doubt that Wallington purposely caused the death of anyone.  The finding of guilty was based on a finding that Wallington was involved in a killing which occurred during the course of or as a result of an aggravated robbery—a version of the felony murder rule.

{¶ 5}    The jury was clearly able to separate the evidence relevant to each case, as demonstrated by the not guilty verdicts as to the one case.  The question then becomes whether the one case had some impact on the guilty verdicts in the other case.

{¶ 6}    The common thread argued by the State of Ohio as the basis for trying the two aggravated murder cases together was that Wallington and his associate had lost a lot of money in two separate situations and wanted revenge on the separate individuals who had caused the money to be lost.  Specifically an associate of Wallington by the name of Clemon Parham was the big financial loser.  Parham was a co-defendant in both cases.

{¶ 7}    Parham was a drug dealer who helped bankroll a series of concerts in Florida.  The concerts lost approximately $70,000 instead of returning the expected profit of over $1,000,000.  Parham and Wallington blamed Kevin Connal for the loss.

{¶ 8}    Parham talked Connal into flying to Columbus, Ohio with a promise of making more money on business transactions in Columbus.  Once Connal arrived, he was beaten to death, with Wallington striking the first blow.

{¶ 9}    The second homicide again involved both Parham and Wallington.  A drug dealer named Jermaine Hill sold an inferior batch of drugs to Parham.  Because the product was not good, Parham had trouble selling the drugs and took a significant loss.  Hill was killed in revenge for his providing the inferior drugs.

{¶ 10}   Given the links between Wallington and Parham and the common theory of the cases that Wallington was helping Parham obtain retribution for financial losses Parham suffered, the trial court was within its discretion to join the two homicides for trial.

{¶ 11}  The third assignment of error is overruled.

{¶ 12} Turning to the weight and sufficiency arguments set forth in the first two assignments of error, we find that the evidence was sufficient to establish that Wallington was an accomplice in the Kevin Connal homicide.  Wallington was the first to strike Connal who died as a result of the beating.  The fact that more blows were struck later does not mean that Wallington had no responsibility.

{¶ 13}   The first assignment of error is overruled.

{¶ 14}  There really was no evidence to weigh in favor of Wallington's innocence.  He helped restrain Connal from leaving and he struck the first blow.  He knew revenge was the main motive, linked with the hopes of getting a little of the money back.  The fact that Wallington left before the crimes were completed does not exonerate him from responsibility for his role in both the killing and the taking of items from Connal.

{¶ 15}  The second assignment of error is overruled.

{¶ 16}  All three assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

———————————